UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-208-GWU

WILLIAM HARDIN,                                                        PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

> Impairments). If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. <u>Id.</u> <u>Accord,</u> <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work.

4

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, William Hardin, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of low back and neck pain. (Tr. 13). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Hardin retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 15-19). The Appeals Council declined to review, and this action followed.

The ALJ did not find that the plaintiff suffered from a "severe" mental impairment, and provided no psychological restrictions in the hypothetical question he presented to the VE. (Tr. 38-9). The plaintiff does not challenge the physical restrictions found by the ALJ, but argues that the ALJ failed to give "good reasons" as required by the case of Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004) for failing to accept the mental restrictions assessed by his treating physician, Dr. J. Timothy Kohari. Counsel for the plaintiff presented Dr. Kohari's mental restrictions of a "seriously limited but not precluded" ability to deal with work stresses, maintain attention and concentration and demonstrate reliability as an addendum to the physical factors in the ALJ's hypothetical question. (Tr. 40-1, 268-70). The VE responded that in combination, the factors would suggest an inability to sustain the jobs she had previously cited. (Tr. 41).

7

The ALJ briefly discussed the alternative hypothetical question provided by the plaintiff's counsel, but stated that it was rejected because there was "no evidence in the record that shows the claimant is so debilitated" and noted that Mr. Hardin was "able to take care of his personal needs, do some minor home repairs, and do some household chores although he may be a bit slower." (Tr. 19). The plaintiff concedes that the ALJ discussed the treating physician's mental limitations, but notes that his decision does not mention Dr. Kohari's mental assessment at any point and leaves open the possibility that the ALJ was not even aware that Dr. Kohari had provided one. The Commissioner maintains that this suggestion is rebutted by the ALJ's discussion of the alternative hypothetical question.

The court agrees with the plaintiff that the ALJ's decision does not acknowledge that the plaintiff's treating source provided the restrictions. Rather, it gives a rationale for rejecting hypothetical factors provided by his attorney at the administrative hearing. The Sixth Circuit has been very clear that "we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." Wilson, 378 F.3d at 545 (citation omitted). Wilson held that even if a physician's opinion is not given controlling weight due to a lack of evidentiary support and inconsistency with other substantial evidence in the case record, the ALJ "must apply" the factors specified in 20 C.F.R. § 404.1527(d)(2) for declining to credit it. The court has also noted that in some cases a procedural violation might amount to a harmless error.

Id. at 547.  However, harmless error requires more than a showing that a claimant has little chance of winning on the merits.  Id. at 546.

In the present case, Dr. Kohari was not only the plaintiff's treating source, he was the only examining source to give an opinion regarding the plaintiff's possible mental restrictions.  A state agency psychological reviewer, Dr. Stephen Scher, had previously reviewed a portion of the medical evidence and concluded that Mr. Hardin had no medically determinable mental impairment (Tr. 243), but he did not have the benefit of a review of the entire record or state why his opinion differed from that of the treating source.  See Social Security Ruling 96-6p.  However, Dr. Kohari's subsequent opinion gave specific reasons for his restrictions.  He stated that the plaintiff had anxiety and depression as a result of chronic pain syndrome and would be unable to communicate with fellow workers and supervisors or be reliable during an acute flare of his chronic pain.  (Tr. 268-70).  The Commissioner correctly notes that Dr. Kohari's office notes do not contain a diagnosis of anxiety or depression, and he did not prescribe any psychotropic medications or suggest referral for treatment.  There is some support for a psychological abnormality on examination, in that the physician frequently mentioned that Mr. Hardin had a "blunted affect."  (E.g., Tr. 202, 203, 238-9, 283).  Given these findings and the specific reasoning provided by Dr. Kohari in his mental assessment, it cannot be said that the treating physician's opinion was so lacking in support that ALJ could not possibly accept it.

Moreover, in a similar set of circumstances, the Sixth Circuit held that a complete failure to mention the assessment of a treating source "plainly violated the terms of § 1527(d)(2)." Bowen v. Commissioner of Social Security, 478 F.3d 742, 747 (6th Cir. 2007).  The court noted that this failure left open the possibility that the ALJ had overlooked the treating physician's opinion altogether.  Id. at 748.  This possibility is bolstered in the present case by the ALJ's comment that there was "no evidence in the record" showing the level of debilitation implied in the alternative hypothetical question. (Tr. 19). Clearly, there was some evidence. As the Wilson court stated: "The requirement of reason giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [he] is not." Wilson, 378 F.3d at 544.

The decision will be remanded for further fact finding as well as the opportunity to present new evidence.

This the 11th day of August, 2009.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**